IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN LAVERNE STEDGE, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 17-475
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act. Plaintiff filed his application alleging he had been disabled since March 1, 2012. (ECF No. 8-9, p. 3). Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on June 1, 2015.[2] (ECF No. 8-3, pp. 2-44). On July 29, 2015, the ALJ issued an unfavorable decision finding

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] An initial hearing was held before ALJ Lamar W. Davis on August 14, 2014. (ECF No. 8-3, pp. 45-74). ALJ Davis was unable to preside over the case and it was reassigned to ALJ Porter.

Plaintiff was not disabled under the Act.   (ECF No. 8-2, pp. 12-22).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14).   The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A.  **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Plaintiff Residual Functional Capacity (RFC)</u>[3]

In this case, the ALJ determined Plaintiff has the RFC to perform light work with both mental and physical limitations. (ECF No. 8-2, pp. 16-17). Plaintiff argues that the ALJ "improperly based his RFC assessment on his lay evaluation of the raw medical evidence." (ECF

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

No. 13, p. 12). In support of the same, Plaintiff argues that the record contains no medical opinion evidence upon which to base an RFC. *Id.* As such, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and remand is appropriate. *Id.* After a review of the record, I agree.

In this case, the ALJ gave little or no weight to those things he considered "opinion evidence." (ECF No. 8-2, pp. 20-21). The first "opinion" was a check-box Pennsylvania Department of Public Welfare form filled out by Dr. Cutlip. (ECF No. 8-2, p. 20; No. 8-14, pp. 9-10). The opinion of Dr. Cutlip is an opinion on the ultimate issue of disability only. Such ultimate questions of disability are reserved solely for the ALJ. 20 C.F.R. §404.1527, 416.927. Thus, the ALJ was not required to give such opinion any weight.

The second "opinion" evidence the ALJ rejected were Plaintiff's GAF[4] scores. (ECF No. 8-2, pp. 20-21). The ALJ gave them little weight because the most recent edition of the Diagnostic & Statistical Manual has abandoned GAF scores to determine the RFC. *Id.,* at p. 20. Additionally, he rejected the GAF scores because they are subjective and not based on normative data. (ECF No. 8-2, p. 21). These are proper and valid reasons for discounting the GAF scores.

The final "opinion evidence" rejected by the ALJ are the opinions of nurse Theys and physician's assistant Holland. (ECF No. 8-2, p. 21). Nurses and physicians' assistants are not

---

[4]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013). Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

"acceptable medical sources." SSR 06-3p. Rather, they are considered "other sources." *Id.* Information from "other sources" alone cannot establish an impairment, but can provide insight into the severity of the impairment and how it affects the individual's ability to function. *Id.* Thus, an ALJ is required to consider the same. Here, the ALJ noted these opinions but rejected them "as they only address a temporary period, which even if credited, would not support a finding of disability. In addition, their restrictions are not supported by the objective evidence." (ECF No. 8-2, p. 21).

After rejecting the above, there was no other opinion evidence. *Id.* at pp. 12-22. In other words, there is no other opinion evidence of record regarding Plaintiff's functional abilities (physical or mental) upon which the ALJ could have relied upon in forming the RFC for Plaintiff. *Id.* "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). This is especially true in this case given Plaintiff's mental history and lack of insurance. Additionally, I note that the ALJ found Plaintiff was not entirely credible. (ECF No. 8-2, p. 17). Consequently, after a review of the record, I find the ALJ's opinion is not based on substantial evidence and remand is warranted.

Plaintiff continues to argue that the ALJ should have ordered a consultative examination or solicited the opinion of a medical expert. (ECF No. 13. Pp. 15-17). The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such

5

an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a). Plaintiff's counsel made both written and oral requests that the ALJ send Plaintiff for a full consultative examination. (ECF No. 8-3, pp.10-11; No. 8-10, p. 28). Neither ALJ Davis nor ALJ Porter ordered any further testing or a consultative examination. Based on the existing medical records in this case, I find that there is ambiguity in the record such that a consultative examination was warranted in this case. Therefore, on remand, the ALJ is instructed to order a consultative examination of Plaintiff.

        An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN LAVERNE STEDGE, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 17-475
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 9th day of May, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.